**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| Sanford Berenson<br>1000 MacDade Blv., Apt. A33<br>Chester, PA 19013<br><br>      Plaintiff,<br><br>v.<br><br>Central Credit Services, Inc.<br>c/o Corporation Service Company,<br>Registered Agent<br>1201 Hays Street<br>Tallahassee, FL 32301<br><br>      Defendant. | Case No.<br><br>Judge:<br><br>**COMPLAINT FOR DAMAGES UNDER THE FAIR DEBT COLLECTION PRACTICES ACT AND OTHER EQUITABLE RELIEF**<br><br>**JURY DEMAND ENDORSED HEREIN** |

## JURISDICTION AND VENUE

1.  Jurisdiction is founded on 28 U.S.C. §1331 pursuant to the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. §1692.  Venue is proper in this district because this is the judicial district where all of the events giving rise to the cause of action took place.

## FACTS COMMON TO ALL COUNTS

2.  The Plaintiff is a person who incurred a consumer debt primarily for personal, family or household purposes.

3.  Defendant is a corporation doing business primarily as a consumer debt collector.

4.  Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

5.  The Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3).

6.  The debt in question qualifies as a "debt" as defined by 15 U.S.C. §1692a(5).

7.  Defendant is either the holder of the debt or was retained by the current holder to collect the debt.

8.  Plaintiff brought this claim within the timeframe permitted under the FDCPA.

9.  Between July 2007 and December 2007, Defendant telephoned Plaintiff on numerous occasions.

10. During several of the communications referenced in Paragraph 9, Defendant spoke to Plaintiff in an abusive and belligerent manner.

11. During at least one of the communications referenced in Paragraph 9, Defendant represented to Plaintiff that, unless Plaintiff paid the debt, Defendant would garnish Plaintiff's wages.

12. During a communication on or around December 15, 2007, Defendant represented to Plaintiff that, unless Plaintiff paid the debt, Defendant would file a lawsuit against Plaintiff.

13. After the representation referenced in Paragraph 12, Plaintiff terminated the communication.

14. Immediately after Plaintiff terminated the communication referenced in Paragraph 12, Defendant telephoned Plaintiff and stated in a hostile and threatening tone: "You really want to get sued, don't you?"

15. At the time of the communications referenced above, Defendant had neither the intention nor the ability to take legal action against Plaintiff.

16. Defendant has damaged Plaintiff emotionally and mentally and has caused substantial anxiety and stress.

17. Defendant violated the FDCPA.

## <u>COUNT ONE</u>

### Violation of the Fair Debt Collection Practices Act

18. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

19. The Defendant violated 15 U.S.C. §1692f in that its actions were unfair and/or unconscionable means to collect a debt.

## COUNT TWO

### Violation of the Fair Debt Collection Practices Act

20. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

21. The Defendant violated 15 U.S.C. §1692e, generally, by having non-attorneys overtly state that they could control the decision to litigate and the timing and scope of the litigation, when in fact this would be an attorney decision.

## COUNT THREE

### Violation of the Fair Debt Collection Practices Act

22. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

23. The Defendant violated 15 U.S.C. §1692e in that it threatened legal action where such action was not contemplated, and stated for the sole purpose of terrifying the Plaintiff.

## COUNT FOUR

### Violation of the Fair Debt Collection Practices Act

24. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

25. The Defendant violated 15 U.S.C. §1692e by making misrepresentations during its conversations with Plaintiff.

## COUNT FIVE

### Violation of the Fair Debt Collection Practices Act

26. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

27. The Defendant violated 15 U.S.C. §1692d in that defendant used obscene and/or abusive language during its communications in furtherance of debt collection.

## JURY DEMAND

28. Plaintiff demands a trial by jury.

## PRAYER FOR RELIEF

29. Plaintiff prays for the following relief:

    a.  Judgment against Defendant for actual damages, statutory damages pursuant to 15 U.S.C. §1692k and costs, and reasonable attorney's fees pursuant to 15 U.S.C. §1692k.

    b.  For such other legal and/or equitable relief as the Court deems appropriate.

RESPECTFULLY SUBMITTED,

Legal Helpers, P.C.

By: s/ Thomas M. Nicely
       Thomas M. Nicely
       Attorney for Plaintiff
       Bar # 92759
       111 S. Independence Mall East
       Bourse Building, Suite 555
       Philadelphia, PA 19106
       Telephone: 866-339-1156
       Email: tmn@legalhelpers.com